UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Poulat Alayev, | Civil Action No. 1:13-cv-06490-PKC-JMA |
| Plaintiff | ANSWER OF ROMAN SHIMONOV, ROMANLEVY GROUP, LLC and |
| -vs- | RLG CONSULTING, LLC |
| Roman Shimonov, Konstantin Leviev, Romanlevy Group, LLC, RLG Consulting, LLC, The Leviev Development, LLC, and The Leviev Group, LLC | |
| Defendants. | |

Defendants, Roman Shimonov, Romanlevy Group, LLC, and RLG Consulting, LLC, by their attorney, Barry I. Siegel, Esq,, answer the complaint of plaintiff and say:

PRELIMINARY STATEMENT

1.  Defendants neither admit nor deny the allegations of paragraph 1 as they call for a legal conclusions and are improper, but defendants state that there is no basis for any of the alleged causes of action.

JURISDICTION AND VENUE

2.  Defendants neither admit nor deny the allegations of paragraph 2 as they call for a legal conclusions and are improper, but defendants state that this Court lacks jurisdecition as there is no valid federal question presented.

3.  Defendants neither admit nor deny the allegations of paragraph 3 as they call for a legal conclusions and are improper, but defendants state that venue is improper laid in this Court as there is no valid federal question presented.

THE PARTIES

4.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6.

7. Defendants admit the allegations of paragraph 7.

8. Defendants admit the allegations of paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

## FIRST CAUSE OF ACTION

11. Defendants repeat each and every answer to paragraphs 1 through 10 as if set forth herein at length.

12. Defendants admit the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants deny the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39 and state that they never represented to plaintiff that any defendanat owned the ECOroads name, technology or products.

40. Defendants deny the allegations of paragraph 40 and state that at an informal meeting of the members of defendant, Romanlevy Group, LLC, plaintiff was informed of the percentage ownership of each member.

41. Defendants deny the allegations of paragraph 41.

42. Defendants admit the allegations of paragraph 42 that the name of defendant, Romanlevy Group, LLC, was changed to RLG Consulting, LLC, and they deny the remaining allegations of said paragraph.

43. Defendants deny the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

SECOND CAUSE OF ACTION

48. Defendants repeat their answers to paragraphs 1 through 47 as if set forth herein at length.

49. Defendants neither admit nor deny the allegations of paragraph 48 as they call for a legal conclusion and are improper.

50. Defendants deny the allegations of paragraph 50.

51. Defendants neither admit nor deny the allegations of paragraph 51 as they call for a legal conclusion and are improper.

52. Defendants neither admit nor deny the allegations of paragraph 52 as they call for a legal conclusion and are improper.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny that any statements made to plaintiff as alleged in paragraph 58 were fraudulent and further state that any statements that are hereinafter admitted were made solely by defendant, Roman Shiminov, and not by defendant, Konstantin Leviev.

    (a) November 2007 Statements:

        Defendants deny making the statements set forth in subparagraph (a) except that they admit making the following statements:

        1. The Leviev Development, LLC will provide sales support to the Romanlevy Group, LLC.

        2. You will be apprised of all business developments, decisions and actions by defendant Romanlevy Group, LLC.

        3. Defendant, Roman Shimonov, had an MBA degree.

        4. There are other interested investors.

        5. If we were not sure about the profit potential of this venture, we would not ask you to join us, we are not desperate for your $300,000.00 and our reputation is worth more than $300,000.00.

        6. Your investment of $300,000.00 will be used for necessary business expenses in promoting and marketing ECOroads.

    (b) January 2008 Statements:

        Defendants repeat each and every answer to paragraph 58(a) and denies making the statements set forth in paragraph 58(b).

    (c) April 2008 Statements:

        Defendants repeat each and every answer to paragraphs 58(a) and (b) and deny making the statements set forth in subparagraph (c).

    (d) November 2008 Statements

        Defendants repeat each and every answer to paragraphs 58(a), (b) and (c) and deny making the statements set forth in subparagraph (d) except that they admit that

defendant, Roman Shimov, told plaintiff "No money came in yet, I will provide you with full accounting, will show all expenses and provide you with full description of what payments are being made.".

    (e) January 2009 Statements

Defendants repeat each and every answer to paragraphs 58(a), (b), (c) and (d) and deny making the statements set forth in subparagraph (e) except that they admit that they had a buyer for plaintiff's interest.

    (f) May 2009 Statements

Defendants deny making the statements set forth in subparagraph (f) except that they admit stating "Progress is slow but there are very good signs that we will have many contracts this year" and "We found a buyer for your interest."

    (g) January 2010 Statements

Defendants deny making the statements set forth in subparagraph (g).

59. Defendants deny the allegation of paragraph 59 that any statements set forth in paragraph 58 of the complaint that defendants admit to having made were fraudulent.

60. Defendants deny the allegations of paragraph 60.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

## THIRD CAUSE OF ACTION

70. Defendants repeat each and every answer to paragraphs 1 through 69 as if set forth herein at length.

71. Defendants deny the allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

## FOURTH CAUSE OF ACTION

77. Defendants repeat each and every answer to paragraphs 1 through 76 as if set forth herein at length.

78. Defendants deny the allegations of paragraph 78.

79. Defendants deny the allegations of paragraph 79.

## FIFTH CAUSE OF ACTION

80. Defendants repeat each and every answer to paragraphs 1 through 79 as if set forth herein at length.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

83. Defendants neither admit nor deny the allegations of paragraph 83 as they call for a legal conclusion and are improper.

84. Defendants deny the allegations of paragraph 84.

85. Defendants deny the allegations of paragraph 85.

86. Defendants neither admit nor deny the allegations of paragraph 86 as they call for a legal conclusion and are improper.

87. Defendants deny the allegations of paragraph 87.

88. Defendants deny the allegations of paragraph 88.

## SIXTH CAUSE OF ACTION

89. Defendants repeat each and every answer to paragraphs 1 through 88 as if set forth herein at length.

90. Defendants deny the allegations of paragraph 90.

91. Defendants deny the allegations of paragraph 91.

## SEVENTH CAUSE OF ACTION

92. Defendants repeat each and every answer to paragraphs 1 through 91 as if set forth herein at length.

93. Defendants deny the allegations of paragraph 93.

94. Defendants deny the allegations of paragraph 94.

## SEPARATE DEFENSES

95. The complaint fails to state a cause of action on which relief can be granted.

96. Jurisdiction is not properly before this Court as there is no federal question presented.

97. Defendants made no representations to plaintiff other than those set forth in the Membership Interest Purchase and Exchange Agreement dated November 30, 2007.

98. Any verbal statements made by defendants to plaintiff prior to the execution of the Membership Interest Purchase and Exchange Agreement dated November 30, 2007, were superseded by the Agreement.

99. Any verbal statements made by defendants to plaintiff subsequent to the execution of the Membership Interest Purchase and Exchange Agreement dated November 30, 2007, were statements about the business activities and anticipated contract signings and income.

WHEREFORE, defendants, Roman Shimonov, Romanlevy Group, LLC, and RLG Consulting, LLC, demand that the complaint be dismissed, with costs, and with the assessment of attorney's fees against plaintiff as set forth in Article IX Paragraph L of the Membership Interest Purchase and Exchange Agreement dated November 30, 2007.

/s/ Barry I. Siegel
Barry I. Siegel, Esq.
Bar No. BS2579
Attorney for Defendants
Roman Shimonov, Romanlevy Group, LLC and RLG Consulting, LLC
631 East Palisade Avenue
Englewood Cliffs, NJ 07632
(201) 569-6989
siegellaw100@yahoo.com